## THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF PLATTEVILLE VS. BELL.

ACTION. *(1) When penal actions civil actions.*

CONSTITUTIONAL LAW: MUNICIPAL CORPORATIONS. *(2) Ordinance for closing saloons at a fixed hour. (3) Penalties payable to municipal treasury.*

1. Penal actions for such violations of municipal ordinances as are *not also misdemeanors*, are *civil* actions. R. S., ch. 155, sec. 1. *Boscobel v. Bugbee*, 41 Wis., 59, explained.
2. Municipal authorities empowered by charter to regulate saloons, make ordinances for the government and good order of the municipality, and prescribe penalties for their violation, may by ordinance require the closing of liquor saloons at a reasonable hour (in this case 10 o'clock P. M.).
3. The provision of our state constitution (art. X, sec. 2), that "the clear proceeds of all fines collected in the several counties for any breach of the penal laws" shall constitute a portion of the school fund, construed as applying only to penalties or fines for breaches of penal statutes, collected by ordinary judicial proceedings in the courts of the state, and not to penalties for violations of municipal ordinances, made payable by charter to the municipal treasury.

APPEAL from the Circuit Court for *Grant* County.

The action was commenced before a justice of the peace to recover a fine for the alleged violation by the defendant of a village ordinance. The complaint alleges as follows: "That the said defendant *Christopher Bell*, on the 18th day of August, 1876, at and within the village of Platteville, in said Grant county, being then and there the keeper and owner of a saloon, or a place where spirituous, intoxicating, malt, fermented or mixed liquors or drinks are kept for sale within the corporate limits of said village, did fail and neglect to close and shut up said saloon or place so kept and owned by him; and did fail and neglect to extinguish the lights in said saloon or place at the hour of ten o'clock in the afternoon of said day and date aforesaid, contrary to the provision of the first section of an ordinance of said village of Platteville entitled 'An ordinance relating to billiard, bowling and other saloons or places where intoxicating liquors are kept,' enacted and passed by the president and trustees of the village of Platteville on the 6th day of April, 1861, whereby the said *Christopher Bell* forfeited and became liable to pay the plaintiffs a fine in the sum of fifty dollars."

The answer of the defendant is a general denial of all the allegations of the complaint. The plaintiffs recovered, and the defendant appealed to the circuit court. The defendant objected in that court to the admission of any evidence under the complaint, on the grounds that it fails to state a cause of action; that plaintiffs had no authority under the charter of the village to pass the ordinance; and that the charter and ordinance contravene sec. 2, art. X of the constitution. The court sustained the objection, and rendered judgment for the defendant; from which the plaintiffs appealed.

*Wm. E. Carter*, for the appellants, contended, 1. That the action was a civil action, and appealable, the alleged violation of the village ordinance not being a misdemeanor. R. S., ch. 155, secs. 1, 8; *State v. Hayden*, 32 Wis., 663; Dillon on M.

C., §§ 433–35.    2. That the provision of the charter that the penalty should be paid into the village treasury, is not in violation of sec. 2, art. X of the state constitution; that the term "penal laws," in that section, no more includes municipal ordinances than it does the rules and by-laws of private corporations imposing penalties pursuant to authority granted by the state; and that the uniform construction put upon the provision by the legislature, not questioned elsewhere, should be considered decisive of its meaning.

For the respondent, there was a brief by *A. W. Bell*, and the cause was argued orally by *Mr. Bell* and by *Alexander Wilson.*  They contended, 1. That a municipal ordinance, to be valid, must be such as prudence and reason require, not unnecessarily prejudicial to private rights and interests, and not inconsistent with the constitution or laws of the state, or with the constitution of the United States (*Hayes v. Appleton*, 24 Wis., 542; *Barling v. West*, 29 id., 315; *Clason v. Milwaukee*, 30 id., 317), and that the ordinance here in question was not of that character.    2. That nothing in the charter authorized the president and trustees of the village to enact such an ordinance.    3. That the action was a *quasi* criminal, and not a civil action (*Goddard's Petition*, 16 Pick., 504; *Comm. v. Worcester*, 3 id., 462; *State v. Stearns*, 11 Fost., 106; *Fink v. Milwaukee*, 17 Wis., 26; *City of Boscobel v. Bugbee*, 41 id., 59; *In re Murphey*, 39 id., 286); that an ordinance of a city or village, which imposes a fine for its violation, is a "penal law of the state" (Sedgw. Stat. and Con. Law, 488; Webster's Dic., "Penal;" Bouvier's Law Dic., "Penal Statutes"); and that the provision of the charter making the fine payable into the village treasury for the use of the village, is in violation of sec. 2, art. X of the state constitution. *Dutton v. Fowler*, 27 Wis., 427; *Churchill v. Herrick*, 32 id., 361; *Montgomery v. Breed*, 34 id., 652.

LYON. J.    1. The alleged failure and neglect of the defend-

ant to close his saloon at the hour prescribed by the ordinance is not a misdemeanor, and this action, brought to recover the fine or penalty imposed for a violation of the ordinance, is there- fore a civil action. R. S., ch. 155, sec. 1. In *Boscobel v. Bugbee*, 41 Wis., 59, the alleged violation of the ordinance was a misdemeanor. The charge was " for fighting and threat- ening to fight" in violation of an ordinance for the protec- tion of the public peace. It was substantially for committing an affray, which is a misdemeanor. Hence it was said that the action was *quasi* criminal, and it was held that an appeal would not lie from the judgment of the circuit court therein. But this being purely a civil action, the plaintiff may main- tain an appeal from the judgment of the circuit court. *State v. Hayden*, 32 Wis., 663.

2. The charter of the village of Platteville confers upon its president and trustees the power to license and *regulate* sa- loons therein (Sup. to Laws of 1861, ch. 63, sec. 19), to make ordinances for the government and good order of the village (sec. 22), and to prescribe penalties for the violation thereof, not exceeding fifty dollars for any one offense. (Sec. 27.) The ordinance in question is one regulating saloons, and was in- tended to promote, and, if enforced, doubtless does promote, the good order of the village. Hence the charter confers upon the village authorities power to enact it. That the ordinance does not violate any law of this state, or infringe the consti- tutional rights of any citizen, is too clear for controversy.

3. The only remaining question is, whether the ordinance is void because the village charter under which it was passed provides that all fines, penalties and forfeitures collected for violations of ordinances " shall be paid into the treasury of said village for its use." (Sec. 29.) If void, it is so because it contravenes sec. 2, art. X of the constitution, which ordains that " the clear proceeds of all fines collected in the several counties for any breach of the penal laws" shall constitute a portion of the school fund.

In *Dutton v. Fowler*, 27 Wis., 427, a penal statute which gave the whole penalty to the informer, was held void for that reason. In *Lynch v. The Steamer Economy*, id., 69, a penal statute was held valid which gave half the penalty to the informer and half to the county, but it was said that the half given to the county must go to the school fund. It was also intimated in that case that a statute is valid which gives a penalty to an injured party as damages or compensation for the injury.

In this case we are not dealing with a statute, but with a municipal ordinance; and the question is, whether penalties imposed by such ordinances are within the constitutional provision. The language of the provision is not general and unlimited. It is not that the clear proceeds of *all* penalties shall go to the school fund, and, as we have already seen, it has not been so construed. The provision is a limited one, and we are to determine its limits. It is somewhat difficult to do this, for the language is peculiar, and we are unaided by direct authority. We are disposed to hold, however, that the words " collected in the several counties for any breach of the penal laws " limit the operation of the provision to penalties or fines for breaches of penal statutes, collected by ordinary judicial proceedings in the courts of the state. This construction has prevailed in the legislation of the state ever since the constitution was adopted; for the city and village charters containing provisions giving to the municipalities penalties collected for violations of ordinances, are very numerous. The validity of those provisions has never before been questioned in this court. Surely some weight is due to such uninterrupted acquiescence for thirty years.

Because of such acquiescence, and because the language of the constitution admits of the construction above indicated, and for the further reason that to hold otherwise would seriously embarrass the various municipalities of the state by invalidating numerous ordinances, upon the existence and

enforcement of which the order and good government of the municipalities greatly depend, we are constrained to adopt that construction, and to hold that the statute under which the ordinance in question was passed, does not infringe the constitutional provision, and hence that the ordinance is valid.

It follows that the complaint states a cause of action, and the court below erred in ruling out the testimony and dismissing the action.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial.