THE CITY OF OSHKOSH VS. SCHWARTZ.

*September 20 — October 10, 1882.*

MUNICIPAL ORDINANCES: PLEADING: COSTS. *(1, 2) Complaint construed as though ordinance imported into it. (3) Attorney's fee taxable in action for fine under city ordinance; (4) and on appeal.*
ACTION: MISDEMEANOR: FINE. *(5) When penal action a civil action. (6) What is not a misdemeanor. (7) What is a fine.*

| | |
|---|---|
| 55 | 483 |
| 77 | 452 |
| 55 | 483 |
| 89 | 361 |
| 55 | 483 |
| 93 | 654 |
| 55 | 483 |
| 96 | 266 |
| 55 | 483 |
| 111 | [0]421 |
| 111 | [5]429 |

1. Where the prayer of a complaint for a violation of a city ordinance is that the defendant may be arrested and held to answer to the city therefor, the complaint must be construed as though the ordinance were imported into and formed a part of it.

2. Thus, when an ordinance provides as a penalty for its violation, a fine of not less than $5 nor more than $100, with costs of prosecution, etc., the prayer in a complaint for a violation of such ordinance is construed to be, in effect, that the defendant be arrested and held to answer to the city for the violation of the ordinance by paying such fine as the justice might impose, not less than $5 nor more than $100, together with costs, etc.

3. In such case, where the city charter provides that in city prosecutions, if the defendant be found not guilty, the costs of suit shall be taxed against the city, the defendant, if found not guilty in the justice's court, may recover costs by way of attorney's fees, under a statute authorizing a justice to tax attorney's fees as costs in favor of the party recovering judgment, and that "*the amount claimed* in the plaintiff's complaint shall govern the amount of the attorney's fees to be recovered by the defendant."

4. And, such defendant, after being found guilty in the justice's court, having appealed to the county court where, the action being tried *de novo*, he was found *not guilty*, is entitled to include in his judgment in the county court, the attorney's fees which success would have given him in the justice's court. Sec. 2925, R. S., as amended by ch. 22, Laws of 1881.

5. Penal actions for such violations of municipal ordinances as are not also misdemeanors, are civil actions. *Platteville v. Bell*, 43 Wis., 488.

6. Where a municipal ordinance prohibits that which was not punishable at common law or by statute, and provides, as a penalty for its violation, a fine, and *in default of payment* of such fine, imprisonment in the county jail, the violation of such ordinance is not a misdemeanor under a statute defining a misdemeanor to be

"an act or omission punishable by fine and imprisonment or by fine or imprisonment."

7. The word "fine" as used in sec. 3294, R. S., which provides that a forfeiture "may be sued for and recovered in a civil action" and that the word "forfeiture" should include any penalty in money or goods, other than a *fine*, means a fine imposed by statute and does not include fines imposed by municipal corporations. Compare *Platteville v. Bell*, 43 Wis., 492.

ERROR to the County Court of *Winnebago* County.

The defendant was arrested and brought before a justice of the peace in the city upon complaint for exhibiting to public view, for gain, within the city a theatrical entertainment, to wit, "The Corinne Merry-makers," without first having obtained a license therefor, in violation of an ordinance of the city entitled "An ordinance relating to the exhibitions of shows and showmen," providing in effect that it should not be lawful for any person or persons to exhibit to public view any theatrical or musical entertainment, or any show or exhibition whatever, without first having obtained a license therefor, and also fixing the amount of the license. The defendant pleaded not guilty, and thereupon was tried and found guilty, and was adjudged to pay a fine of $50, and $5.57 costs, and in default thereof to stand committed for fifty days. Thereupon the defendant appealed to the county court, where a trial was had *de novo* by the court without a jury, whereupon the court found the defendant not guilty, and ordered judgment dismissing the complaint upon the merits, and for costs, and judgment was accordingly entered dismissing the complaint upon the merits, and adjudging that the defendant have and recover of the city the sum of $51.24 for his costs therein. From that judgment the city brings this writ of error.

For the plaintiff in error there was a brief signed by *Charles Barber*, and one signed by *Charles Barber*, as attorney, and *M. H. Eaton*, of counsel, and oral argument by *Mr. Barber*.

For the defendant in error there was a brief by *Hooper &
Berry*, and oral argument by *Mr. Hooper*.

CASSODAY, J. The only question for determination is
whether attorney's fees can, in a case like this, be properly
adjudged against the city. The charter (sec. 10, subch. 13,
ch. 123, Laws of 1877), provides that "in city prosecutions
the finding'of the court or jury shall be either guilty or not
guilty. If guilty, the court shall render judgment thereon
against the defendant for the fine, penalty, or forfeiture con-
tained in the ordinance, by-law, or resolution for the violation
of which the person or persons shall have been adjudged
guilty, and the costs of suit; *but if not guilty, the costs shall
be taxed against the city.* Upon conviction and the non-
payment of such judgment, the court may forthwith issue an
execution, as in case of tort, and shall determine and enter
upon the docket the length of time the defendant shall be im-
prisoned, which in no case shall exceed six months," etc. Sec.
4 of the same chapter provides that "all actions brought to
recover any penalty or forfeiture under this act, or the ordi-
nances, by-laws, police or health regulations made in pursu-
ance thereof, shall be brought in the corporate name of the
city." The ordinance under which this prosecution was had
provides that "every person who shall violate the provisions
of this ordinance shall, upon conviction, be fined not less than
$5 nor more than $100, together with costs of prosecution,
and in default of payment of such fine and costs shall be
imprisoned in the common jail of Winnebago county not less
than five days nor more than sixty days." Sec. 3775, R. S.,
authorized the justice to "tax as *costs*, in favor of the party
recovering judgment," not only witness and constable fees,
but also attorney's fees; and it is therein provided that
"when judgment is for the defendant, the amount claimed in
the plaintiff's complaint shall govern the amount of the at-
torney's fees to be recovered by the defendant."

It is urged that no amount was claimed in the plaintiff's complaint, and hence that the defendant could not have recovered attorney's fees in the justice's court had he been successful there. But secs. 5, 6 and 7 of the chapter of the charter above referred to requires "all the prosecutions for any violation of any of the provisions of this act, or any by-law or ordinance," to be commenced by "summons, unless oath be made for a warrant as in other cases," and "in all cases where the oath is made for a warrant the complaint shall be made on the oath of the complainant, and no other affidavit shall be necessary, which complaint last above named" is to be substantially in the form therein given. Here oath was made for the warrant, and hence the complaint is in the form last referred to. Had no oath been made the prosecution would necessarily have been commenced by summons, and then the complaint would necessarily have been in the form therein designated, which prays for judgment for a specified sum. The cause of action was the wrongful violation of the ordinance. The prosecution were at liberty to proceed by summons *without oath*, or by warrant *with oath*. But the mere form in which the suit is commenced cannot change the nature of the offense. Had the action been commenced by summons without oath, the difficulty suggested would not have arisen. The charging part of each form of complaint given in the charter is essentially the same, but the prayers are quite different. In case the summons is used, it demands judgment for a specific sum and costs; whereas, if it is commenced by warrant it prays that the defendant may be arrested and held to answer to said city of Oshkosh therefor,— that is to say, for the violation of the ordinance,— and hence the complaint must be construed in connection with the ordinance, the same as though the ordinance were imported into and formed a part of it. So construed, and the prayer was, in effect, that the defendant be arrested and held to answer the city for the violation of the ordinance by paying

such fine as the justice might impose, not less than $5 nor more than $100, together with costs of prosecution, and in default of payment of such fine and costs be imprisoned in the common jail of the county not less than five days nor more than sixty.

Such being, in effect, the complaint, there would have been no reason for refusing costs to the defendant, by way of attorney's fees in the justice's court, had he been success- ful in that court. Having been successful in reversing the justice's judgment in the county court, was he en- titled to include in his judgment there the attorney's fees which success would have given him in the justice's court? Sec. 2925, R. S., as amended by ch. 22, Laws of 1881, in effect, provides, among other things, that in ac- tions removed from justices' courts by appeal, where there is a new trial, costs shall be awarded to the successful party, and in all such cases full costs shall be $10, and all disburse- ments made for state tax, return of the justice, and officers' and witnesses' fees, " together with all costs and fees by law taxable in the justice's court in such action." The words quoted were added by the amendment, which went into effect February 28, 1881, being five days prior to the appeal, and are clearly applicable to the judgment on appeal.

But it is urged that the action is not civil, but criminal in its nature, and hence that the statutes, in respect to costs, are inapplicable. It has frequently been held that an action under the statute to recover a penalty for the wilful ob- struction of a highway is a civil action. *State v. Smith*, 52 Wis., 134; *State v. Hayden*, 32 Wis., 663. So it has been held that penal actions for such violations of municipal ordinances as are *not also misdemeanors*, are civil actions. *Platteville v. Bell*, 43 Wis., 488. So it has been held that when a city ordinance prohibits that which is a crime or misdemeanor, and punishable *at common law or by statute*, and prescribes a penalty for its violation by fine, with im-

prisonment on default of payment, the action to recover such penalty is *quasi* criminal, and cannot be brought to this court on the plaintiff's appeal. *Platteville v. McKernan,* 54 Wis., 487. The statute expressly provides that "in all cases not otherwise specially provided for by law, where a forfeiture shall be incurred by any person, and the act or omission for which the same is imposed shall not also be a misdemeanor, such forfeiture may be sued for and recovered in a *civil action.*"  Sec. 3294, R. S.; sec. 1, ch. 155, R. S. 1858.

The only remaining question is whether the entertainment complained of was a crime or misdemeanor. The section of the statute last referred to defines a misdemeanor as follows: " When such act or omission is punishable by fine and imprisonment, *or by fine or imprisonment,* or is specially declared by law to be a misdemeanor, it shall be deemed a misdemeanor within the meaning of this chapter." No clause of the charter nor of any statute has been referred to which specifically declared the act or omission in question to be a misdemeanor, and we are not aware that there is any. No clause of the charter nor any statute has been referred to which undertakes to punish the act or omission complained of by fine and imprisonment, *or* by fine *or* imprisonment, and we are not aware that there is any. It is equally clear that it was not a misdemeanor at common law. The entertainment in question, therefore, would have been innocent and not punishable but for the ordinance above quoted. Assuming that the common council had power, by way of ordinance, to make this entertainment, otherwise innocent, a misdemeanor (which may be doubtful), still the question remains, have they done so by the ordinance in question? The language of the ordinance makes the conviction for its violation punishable by fine not less than five dollars nor more than one hundred, together with costs of prosecution and imprisonment in *default of payment.* Under the ordinance there is no power in the court to imprison in case the fine

and costs are paid upon conviction. Whether they are paid or not depends upon the option of the offender, and not upon the discretion of the court. But to constitute a misdemeanor, where the act or omission is not so specifically declared by law, such act or omission must be " punishable by fine *and* imprisonment, or by fine or imprisonment," to be a misdemeanor within the meaning of the above section. When the act or omission is "punishable by fine and imprisonment," then both fine and imprisonment must be inflicted, and the court has no authority to withhold the one and impose the other. The case before us, therefore, is not a misdemeanor within that definition. When by the statute or ordinance (possibly), the act or omission is "punishable . . . by fine *or* imprisonment," it is still left discretionary with the court to impose the one and withhold the other. This appears more plainly from sec. 8, ch. 155, R. S. 1858, from which it was taken by the revisers, which read: " When any act or omission is punishable according to law by a fine, penalty, or forfeiture and imprisonment, or by a fine, penalty, or forfeiture or imprisonment, *in the discretion of the court,* such act or omission shall be deemed a misdemeanor for the purposes contemplated in this chapter." Here the ordinance vested no such discretion in the court, but simply to inflict the fine and costs, and then to imprison only in default of payment. It is true, the ordinance requires the offender, upon conviction, to be "fined," but it is essentially a forfeiture within the meaning of the section defining a misdemeanor. That section also provides that " the word forfeiture, as used in this chapter, shall include any penalty, in money or goods, *other than a fine.*" The word " fine," as used in that section, evidently means the same as the word " fines " in sec. 2, art. X, Const. of Wis., where it speaks of " the clear proceeds of all *fines* collected in the several counties for any breach of the penal laws," etc., and this court has held that such fines are limited to those imposed by stat-

ute, and does not include those imposed by municipal corporations. *Platteville v. Bell*, 43 Wis., 492. To hold otherwise would take from the city the right to the whole of the fine, which is contrary to the provisions of the charter. *State v. Miles*, 52 Wis., 488. Clearly the ordinance in question did not make the act or omission complained of a misdemeanor.

*By the Court.*— The judgment of the county court is affirmed.