## CITY OF GREELEY V. HAMMAN.

1. VIOLATION OF MUNICIPAL ORDINANCE — ACTION FOR, A CIVIL PROCEEDING.— A prosecution for the violation of a municipal ordinance punishable by fine or imprisonment, but not punishable by general statute, is not a criminal proceeding, but a civil action, and the corporation is entitled to a writ of error for the review of a judgment entered therein.

2. SUCH VIOLATION NEITHER A CRIME NOR MISDEMEANOR.— The general assembly having defined a crime or misdemeanor to be the wilful or criminally negligent violation of a public law, the violation of a municipal ordinance does not come within the definition of either term. Referring to the course of legislation on the subject, territorial and state, it is evident that in the legislative view such prosecutions have ever been regarded as civil actions.

3. CONSTRUCTION OF CONSTITUTION PHRASES.— The phrases "criminal prosecution," "criminal case," etc., as used in the constitution, do not refer to prosecutions which were not criminal at the time of its adoption, or which have not since been declared criminal by statute.

### Error to County Court of Weld County.

WILLIAM M. HAMMAN was prosecuted for violation of a city ordinance prohibiting the sale of intoxicating liquors. A conviction took place before the police magistrate; but on the trial in the county court, to which an appeal had been taken, the ordinance under which the prosecution took place was held void, and the action was accordingly dismissed.

To review the final judgment thus rendered the present writ of error was sued out by the city, which Hamman moves to dismiss.

Messrs. J. E. GARRIGUES and H. N. HAYNES, for plaintiff in error.

Messrs. J. M. FREEMAN and J. W. McCREERY, for defendant in error.

MR. JUSTICE HELM delivered the opinion of the court.

.The specific question presented at this time upon the record before us may be stated as follows:  Can a municipal corporation take a writ of error to review a judgment for defendant in an action for violation of a city ordinance, the penalty for which may be fine or imprisonment — the alleged offense not being punishable under the provisions of any existing general statute?

It is contended that prosecutions under circumstances such as are here presented are criminal, and that they .should be governed by the rules regulating criminal procedure and practice.  It is also contended that in no criminal case can the people or the prosecution take a writ of error.  If we shall determine, upon examination, that such proceedings are not criminal prosecutions, counsel's motion to dismiss must be denied.  To the consideration of this question we therefore address ourselves.

Blackstone defines a crime or misdemeanor to be "an act committed or omitted in violation of a public law either forbidding or commanding it."  This definition has been substantially adopted by all the decisions and text-writers.  But we are not compelled to depend upon text-books or decisions for a definition, as one has been given by our legislature.  Section 689 of the General Statutes reads as follows: "A crime or misdemeanor consists in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention or criminal negligence."  Since felonies are defined in the constitution to be offenses punishable by death or imprisonment in the penitentiary, it follows that, under the foregoing statute, misdemeanors are violations of the public laws not thus punishable.

Universally, we believe, in the absence of an express statutory definition to the contrary, crimes and misdemeanors are held to exist only where there has been a violation of a public law.  Such must be the position

here taken, in view of the foregoing legislative declaration. But an ordinance is not a public or general law; it is not taken judicial notice of in suits or actions, but must be pleaded and proven; it is a local rule or by-law; a police regulation for the city; and proceedings thereunder are penal actions for the enforcement of local "domestic regulations." *Cooper v. People*, 41 Mich. 403; *Garland v. City of Denver*, 11 Colo. 534; *Shafer v. Mumma*, 17 Md. 331; *People v. Board*, 26 Mich. 422; *Hughes v. People*, 8 Colo. 539; *Williams v. City of Augusta*, 4 Ga. 509; *Williams v. Davidson*, 43 Tex. 35.

At common law, ordinances were enforced by actions of debt or *assumpsit;* and where the common-law practice does not exist, and no specific method of procedure is prescribed, the ordinary "civil action" is the remedy. 1 Dill. Mun. Corp. §§ 409, 410; Horr. & B. Mun. Ord. §§ 168, 169. In general, proceedings for the violation of municipal ordinances are held to be civil actions, governed by the principles of law and rules of evidence pertaining to civil procedure. But a few exceptions to this general rule have been recognized by courts of most excellent standing, and it is contended that the present case falls within at least two of these exceptions.

The first exception relied on by counsel will not be considered, as, in our judgment, it is wholly inapplicable. There is no general statute authorizing a prosecution by indictment or information for the precise act prohibited by the ordinance before us, or in any other way recognizing such act as criminal. The legislative provision inhibiting the sale of liquors without a license, in less quantities than a quart, is not identical with the absolute prohibition by ordinance, except upon prescription, of the sale thereof in any quantity. *Hill v. Mayor*, 72 Ga. 314. Besides, the statute mentioned is wholly inoperative in Greeley, as by general law the exclusive control of the subject is conferred upon towns and cities.

Counsel's remaining contention is that since a party,.

convicted under the ordinance before us, may be punished by imprisonment, the proceeding must be criminal. We are of the opinion that, under the authorities, where a judgment against the defendant for violation of an ordinance entails a fine, even though the collection of such fine may, by virtue of the statute and ordinance, be enforced by imprisonment, the proceeding remains a civil action; and this is true whether it be in the name of the state or not. *City of Oshkosh v. Schwartz*, 55 Wis. 487; *Platteville v. Bell*, 43 Wis. 488; *State v. Smith*, 52 Wis. 134; *Chafin v. Waukesha Co.*, 62 Wis. 463; *Baldwin v. City*, 68 Ill. 418; *Ex parte Hollwedell*, 74 Mo. 395.

But where the judgment, when against defendant, may, as under this ordinance, include imprisonment in the first instance, the question becomes more embarrassing. In one treatise, at least, it is squarely asserted that, under such circumstances, the proceeding must be held criminal and must be governed by the principles and rules pertaining to criminal actions. Horr. & B. Mun. Ord. secs. 169, 182, 184. And this position is sustained by several adjudicated cases.

On the other hand, the contrary view seems to be recognized by a number of well-considered decisions. In *McGear v. Woodruff*, 33 N. J. Law, 213, it is expressly held that in proceedings for the enforcement of ordinances, even where imprisonment may be a part of the penalty in the first instance, the defendant may not demand a trial by jury, under the constitutional provision declaring that "the right of a trial by jury shall remain inviolate."

In the case of *Hill v. Mayor, supra*, a similar position is announced with reference to provisions of the constitution of the United States and the different constitutions of Georgia, preserving the right of trial by jury in criminal cases. The opinion concludes with the following vigorous language: "It is well that such is the law — the constitutional law; for if no man could be fined or

Vol. XII — 7

imprisoned for violation of city police ordinances, except by a jury trial on indictment, away would go all power in our municipal authorities to preserve peace and good order within their corporate powers [limits]." In the case of *City of Oshkosh v. Schwartz*, 55 Wis. 483, the following language is used: "So it has been held that penal actions for such violations of municipal ordinances as are not also misdemeanors are civil actions." Citing *Platteville v. Bell*, *supra*. In Wisconsin the violation of ordinances where imprisonment may be a part of the penalty in the first instance is held to be a misdemeanor, but this is by virtue of an express statutory provision. *City of Oshkosh v. Schwartz*, *supra*. We have already shown that in this state the violation of an ordinance is not a misdemeanor; misdemeanors existing only where there has been a wilful or criminally negligent violation of a public law, entailing a punishment other than death or imprisonment in the penitentiary.

Mr. Dillon, in his work on Municipal Corporations, in section 432, uses the following language: "Offenses against ordinances * * * which relate to minor matters not embraced in the public criminal statutes of the state are not properly regarded as criminal, and hence need not necessarily be prosecuted by indictment or tried by a jury." See authorities mentioned in note; also *Miller v. O'Reilly*, 84 Ind. 168, and *Hoyer v. Town of Mascoutah*, 59 Ill. 137. It will be observed that the learned author does not rest the distinction upon the nature of the penalty; and we should perhaps here repeat that we do not now say what the effect as to the specific question under consideration would be, were the offense mentioned in an ordinance also covered by a public criminal statute.

It is proper, we think, in determining whether or not a given act or offense for which a particular penalty is prescribed constitutes a crime or misdemeanor, to consider the evident intention of the legislature as gathered

from statutes pertaining to the subject. 1 Dill. Mun. Corp. §§ 411, 432. It is undoubtedly true that such intention, when thus expressed, unless it conflicts with some provision of the constitutions, federal or state, is decisive of the question.

Upon examining the legislation of Colorado but one conclusion can be reached. In the *first* place, the general assembly has defined a crime or misdemeanor to be the wilful or criminally negligent violation of a public law; *secondly*, by statute, while Colorado was a territory, and until the Code of Civil Procedure was adopted, recoveries for violation of an ordinance were to be by "action of debt," and the first process was a "summons or warrant for the arrest of the offender," as the "trustees" might by ordinance determine. The penalty prescribed was fine or imprisonment, or fine and imprisonment. Rev. St. p. 615, §§ 1–3. We must accept it as the legislative view at that time that such proceedings were civil actions. There are no longer, in this state, actions of "debt." Under the code all ordinary civil proceedings are covered by the term "civil action." For this reason the present statutes do not specify any particular form of action to be adopted; but in other respects the same intention clearly appears, and we cannot doubt but that at the present time, if the legislature had expressed its purpose in words, the term "civil action" would have been substituted for the phrase "action of debt," formerly used. Neither do these legislative purposes or enactments conflict with the provisions of our constitution. The phrases "criminal prosecutions," "criminal case," "criminal cases," etc., used in that instrument, have reference to cases that were at the time of its adoption recognized as criminal, or cases which should thereafter be made criminal by statute. But, as already shown, when the constitution was framed and adopted, and ever since, proceedings for the violation of ordinances, even where imprisonment might be a part of the

penalty in the first instance, were in effect declared by statute to be civil actions.

There being no conflict with constitutional provisions, public policy requires a sufficient relaxation or extension, if need be, of the principles usually controlling civil actions to include this class of cases. It must be admitted that the main purpose of these proceedings is to prevent repetition of the injuries prohibited by ordinance rather than to compensate the individuals injured, viz., the inhabitants of the city or town; but the action is penal, plaintiff recovering the prescribed penalty against the wrong-doer; and, when this penalty includes imprisonment directly adjudged as a part of the recovery, it is logically as much compensation to the parties suffering as is imprisonment for non-payment of the fine imposed, as the latter imprisonment does not coerce payment of the fine, nor is it ordinarily expected to do so.

In view of the foregoing considerations we feel constrained to hold that the case at bar is a civil action; that while in some respects it may seem *quasi* criminal, yet it does not fall within the domain of our criminal law; moreover that, even were we to treat it as *quasi* criminal, the city is entitled to its writ of error. *Town of Camden v. Bloch*, 65 Ala. 236; *Baldwin v. City, supra.* The public welfare demands a summary and speedy prosecution of offenders against municipal ordinances. To hold that unless there be presentation by indictment, trial by jury, and unless all the other constitutional rights and privileges accorded to defendants in criminal cases be extended to each and every person charged with these petty offenses, imprisonment could not follow conviction, would be disastrous beyond measure to the welfare of those living within cities and towns, and would largely destroy the usefulness of such corporations.

The motion to dismiss is denied.

*Motion to dismiss denied.*