[No. 5285.]
[No. 2917 C. A.]

THE WEISS-CHAPMAN DRUG COMPANY v. THE PEOPLE.

1.  Cities and Towns—Intoxicating Liquors—Violation of Ordinances—Penalties—Pleading—Complaint.

A complaint, giving the title of the action and specifying the court and county in which brought, which alleges that defendant violated a given section of the ordinances of a certain town entitled "An ordinance concerning intoxicating liquors," said ordinance having been passed and adopted on a given date and still remaining in force, to the damages of plaintiff in a specified amount, is not subject to demurrer, but would be subject to a motion to make more definite and certain.—P. 375.

2.  Cities and Towns—Violation of Ordinances—Courts—Appellate Practice—Jurisdiction—Presumptions.

Section 11, art. 6, Colo. const., states that district courts shall have original jurisdiction of all causes both at law and in equity; section 25 provides that justices of the peace shall have such jurisdiction as may be conferred by law; section 26 gives the general `assembly power to provide for police magistrates in cities and towns, who shall have jurisdiction of all cases arising under their ordinances; and Mills' Ann. Stats., § 4438, provides that the board of trustees of any city or town may designate one justice of the peace who shall have the jurisdiction exclusively in all cases arising in connection with town ordinances. Held, that, on appeal from an action for a violation of a town ordinance, begun in the district court, it will be presumed that such court had jurisdiction, in the absence of a showing that the board of trustees had designated a justice of the peace to try such cases in accordance with the statute.— P. 376.

3.  Cities and Towns—Ordinances—Must be Pleaded and Proven.

An ordinance is not a public or general law, and is not taken judicial notice of in suits or actions, but must be pleaded and proven.—P. 378.

4.  Appellate Practice—Assignments of Error—Failure to Give Instruction—Abstract of Record—No Exception or Objection.

An assignment of error that the trial court refused to give an instruction will not be considered on appeal where the abstract of record fails to show the refusal, or any exception or objection to the court's ruling.—P. 378.

*Appeal from the District Court of Rio Grande
County.*

*Hon. Chas. C. Holbrook, Judge.*

Action by the people against The Weiss-Chapman Drug Company for a penalty for violation of a town ordinance. From a judgment in favor of plaintiff, defendant appeals.  *Affirmed.*

Mr. C. M. CORLETT, for appellant.

Mr. IRA J. BLOOMFIELD, for the people.

Mr. JUSTICE CASWELL delivered the opinion of the court:

There are many assignments of error in this case, but the main contentions of appellant, as appear by the record, are: (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) that the court had no jurisdiction; (3) that the court erred in refusing to give a certain instruction requested by appellant (the defendant below); (4) that the court erred in rendering judgment on the verdict of the jury against appellant, as defendant below.

This action was brought in the district court of Rio Grande county. The complaint alleges that the defendant violated § 1 of the ordinances of the town of Monte Vista, in the county of Rio Grande, state of Colorado, entitled "An ordinance concerning intoxicating liquors," which said ordinance was passed and adopted on the 4th day of March, 1899, and had still remained and still is in force and effect, and to the damage of the plaintiff in the sum of three hundred dollars ($300.00). The complaint further states the title of the action and specifies the name of the court and county in which the action is brought. The appellant, as defendant below, filed its answer denying the allegations of the complaint. At the

trial it objected to the impaneling of the jury and to the introduction of testimony upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The trial court properly overruled the objection. The complaint complied with the provisions of our code specifying what the complaint should contain. It was not obnoxious to a demurrer, but was obnoxious to a motion to make it more definite and certain, which the defendant below did not make. The evidence was in support of the allegations of the complaint and the defendant below was in no way prejudiced by its form.

The question of the jurisdiction of the trial court is presented for the first time in this court on appeal, and challenges the right of the district court to hear and determine the question. Under the rule of this court, it is the duty of the appellant to point out the error of the trial court in assuming jurisdiction, or to point out to this court some specific reasons why the district court had no jurisdiction. This is not attempted except by general argument. We can not and shall not presume the lack of jurisdiction. The district court is a superior court, a court of record, and the presumptions of jurisdiction are all in its favor. By art. 6, § 11, of the constitution, "District courts shall have original jurisdiction of all causes both at law and in equity." This section, in and of itself fixes the jurisdiction of the district court.—*Denver, etc., Co. v. Nestor,* 10 Colo. 408. The proceeding in this case is for the recovery of the penalty for the violation of a town ordinance, and is a civil action.—*Greeley v. Hamman,* 12 Colo. 96; *Walton v. Canon City,* 13 Colo. App. 78. It was held in *Greeley v. Hamman, supra,* that "at common law, ordinances were enforced by action of debt or *assumpsit;* and where the common-law practice does

not exist, and no specific method of procedure is prescribed, the ordinary civil action is the remedy,'' and that ''in general, proceedings for the violation of municipal ordinances are held to be civil actions, governed by the rules of evidence pertaining to civil procedure.''

It is argued by counsel for the appellant that the jurisdiction to enforce the ordinances of towns and cities is vested in police magistrates and justices of the peace. Section 25, art. 6, of the constitution provides that justices of the peace shall have such jurisdiction as may be conferred by law, subject to certain restrictions therein contained; and § 26, art. 6, gives the general assembly power to provide for creating police magistrates for cities and towns, who shall have jurisdiction of all cases arising under the ordinances of such cities and towns, respectively. The general assembly thereafter enacted laws to carry these last-named provisions into effect, which were amended from time to time. The existing law is found at § 4438, Mills' Ann. Stats., which provides, amongst other things, that the board of trustees of any city or town may designate one justice of the peace who shall have the jurisdiction exclusively in all cases arising in connection with the town ordinances. It is unnecessary to discuss the question as to whether this legislative enactment could give a greater than a concurrent jurisdiction with the district court in an action to recover a penalty under an ordinance, it being borne in mind that the jurisdiction of the district court was conferred by the constitution, and was already in existence at the time of the passage of this law, and we do not pass upon this question. It is sufficient to say, if exclusive jurisdiction is lodged in any tribunal to hear and determine questions pertaining to violations of town ordinances, then such jurisdiction must result from

the action of the town trustees, in accordance with said section 4438, and such action must be proven in support thereof.

An ordinance is not a public or general law. It is not taken judicial notice of in suits or actions, but must be pleaded and proven.—*Greeley v. Hamman, supra.* It is not shown by the record, or bill of exceptions, that the board of trustees of Monte Vista ever designated any justice of the peace who should have exclusive jurisdiction in cases arising under this ordinance, and this must be shown if appellant relies upon it.—*Metcalf v. People,* 2 Colo. App. 263. It does not appear that there are any justices of the peace in the town of Monte Vista, or that it has a police magistrate; it is not shown that any tribunal exists in which the jurisdiction might be lodged to the exclusion of the district court. It is true that the counsel for appellant, in his brief and argument, has alluded to certain ordinances as having been passed and adopted by the town of Monte Vista, but this does not take the place of required proof at the trial, and of the necessity of bringing such proof to this court by a bill of exceptions. In view of the record in this case, we are bound to say that the district court had jurisdiction.

Appellant assigns as error the refusal of the court to give instruction No. 1, as requested by it. We find nothing in the abstract of record showing such refusal, nor any exception or objection by the appellant to the refusal of the court to give the instruction. We cannot consider the assignment of error under the circumstances.

Judgment was entered upon a verdict of the jury. There was sufficient evidence to support it, and it is affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.