OLSON, Appellant, vs. HAWKINS and others, Respondents.

*April 1—April 17, 1908.*

*Municipal corporations: Adopting general charter law: Effect on existing courts: Police justice de facto: Prosecutions of violations of ordinances: Irregular commitment: Protection of officers.*

1. Sec. 925—61, Stats. (1898), authorizes the election of police justice in all cities adopting the general charter for their government, except in those cities that had during their prior charter existence a court or judge having the jurisdiction conferred by the general charter law upon police courts. In cities within the exception the existing court or judge was to continue unaffected until abolished, and in the meantime no police court could be established and no police justice elected. A city existing under a special charter, by the terms of which justices

of the peace therein were given the same jurisdiction as was given to police courts under the general charter law, adopted such general charter law. *Held*, that the existence of such justices' courts did not prevent the establishment of a police court and the election of a police justice without first abolishing the justices' courts. Justices' courts being provided for in the constitution are not subject to legislative abolition, and the statute must have intended such courts as could be abolished directly or indirectly by the legislature. -

2. Where a city, having adopted the general charter law (ch. 40*a*, Stats. 1898), neglected for more than ten years to establish a police court and elect a police justice as authorized by sec. 925—61, Stats. (1898), the mayor, pursuant to sec. 925—31, Stats. (1898), authorizing him to fill vacancies, appointed a police justice. *Held*, that the appointee was police justice *de facto*, even though the appointment was premature.

3. Prosecutions for such violations of municipal ordinances as are not also misdemeanors are civil actions.

4. Secs. 4743 and 3574, Stats. (1898), prescribing requirements as to docket entries of justices of the peace, are not applicable to dockets of police justices, the requirements as to the latter being prescribed by sec. 925—68, Stats. (1898), which does not require an entry of the cause for an adjournment.

5. In case of adjournment by a police justice without entry in his docket of the cause therefor, the presumption is, in the absence of any statute conflicting therewith, that sufficient cause existed.

6. Sec. 925—67, Stats. (1898), as amended by ch. 41, Laws of 1903, provides for the punishment of violations of city ordinances by fine or imprisonment or both. In case of a fine, execution may be issued in the form prescribed by sec. 925—69, Stats. (1898); if imprisonment was necessary to enforce collection thereof, it could be effected by seizure of defendant's body under the execution. In case of imprisonment without a fine commitment may be made, using the statute form of execution, omitting all therein that relates to levy and sale and return of the writ. One convicted of violating a city ordinance was adjudged to pay a fine and in default thereof to be committed. The fine not being paid the police justice proceeded by commitment under the judgment instead of by execution against the body, which latter process was the appropriate one in case of punishment by fine without imprisonment. *Held*, that the commitment was not void, but even though irregular it protected the officers issuing and executing it.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Baker & Haven.*

Among other references upon the part of the appellant were the following: Secs. 925—61, 925—65, 925—67, 925—69, 3662, 4744, Stats. (1898); *Hepler v. State,* 43 Wis. 479; *Harrington v. State,* 50 Wis. 68, 6 N. W. 317; *McNamara v. Spees,* 25 Wis. 539; *Perkins v. Jones,* 28 Wis. 243; *Wearne v. Smith,* 32 Wis. 412; secs. 17, 27, 28, ch. 82, Laws of 1885; *Davey v. Janesville,* 111 Wis. 628, 87 N. W. 813; sec. 15, art. VII, Const.; *In re Boyle,* 9 Wis. 264; *Cole v. Black River Falls,* 57 Wis. 110, 14 N. W. 906; *Yorty v. Paine,* 62 Wis. 154, 22 N. W. 137; *In re Burke,* 76 Wis. 357, 45 N. W. 24; *Fenelon v. Butts,* 49 Wis. 342, 5 N. W. 784; *Norton v. Shelby Co. Tax. Dist.* 118 U. S. 425, 6 Sup. Ct. 1121.

For the respondents there was a brief by *A. J. Kinney,* attorney, and a separate brief by *S. N. Hawkins,* one of the respondents, in person, and oral argument by *Mr. Kinney.*

Among other references upon the part of the respondents were the following: *Baizer v. Lasch,* 28 Wis. 268; *State ex rel. Dearborn v. Merrick,* 101 Wis. 162, 77 N. W. 719; *Brosde v. Sanderson,* 86 Wis. 368, 57 N. W. 49; *State v. Tall,* 56 Wis. 577, 14 N. W. 596; *State v. Boncher,* 59 Wis. 477, 18 N. W. 335; secs. 3744, 4739–4774 (ch. 194), Stats. (1898); sec. 2, art. VII, Const.; secs. 3569, 3570, 3623, 3625, 3616, 3617, Stats. (1898); secs. 853a, 926, Id.; subd. 5, sec. 3574, Stats. (1898); *Crate v. Pettepher,* 112 Wis. 252, 87 N. W. 1104; *Platteville v. Bell,* 43 Wis. 488; *Fulton v. State ex rel. Meiners,* 103 Wis. 238, 79 N. W. 234; *State ex rel. Haeselich v. Schweitzer,* 131 Wis. 138, 111 N. W. 219; *State ex rel. Wood v. Goldstucker,* 40 Wis. 124; *State ex rel. Jones v. Oates,* 86 Wis. 634, 57 N. W. 296.

TIMLIN, J.   The appellant brought an action for false imprisonment against the defendant *Hawkins,* who was mayor of the city of New Richmond and who took some part in the prosecution, *Beebe,* who was acting as police justice of that city, and *O'Brien,* the officer who executed the warrant and commitment, in an action against *Olson* for violation of a city ordinance.   The circuit court directed a verdict for 'defendants, and the principal contention upon this appeal is that the court erred in so doing because it was shown that *Beebe* was not police justice *de jure* or *de facto,* and hence the proceedings which resulted in *Olson's* imprisonment were *coram non judice* and void and all concerned therein liable for false imprisonment.   New Richmond was a city under special charter found in ch. 82, Laws of 1885.   In the year 1895 it adopted the general charter law (ch. 40*a,* Stats. 1898).   At and prior to this time it had no municipal court or judge, but by requirement of its special charter violations of the city ordinances were prosecuted before justices of the peace of the city.   For several years after the adoption of the general charter law no police justice was elected or qualified.   Hence these justices' courts continued with authority such as they exercised under special charter.   Sec. 925—61, Stats. (1898); *State ex rel. Dunlap v. Nohl,* 113 Wis. 15, 88 N. W. 1004.   But about May 1, 1906, the mayor appointed *Beebe* police justice, 'to hold that office until it should be filled by election, and the common council by resolution declared that a vacancy existed in the office of police justice and confirmed the appointment of *Beebe* to fill such vacancy.   *Beebe* qualified by filing his oath and bond and entered upon the discharge of the duties of the office claiming to be, and exercising the powers of, police justice, and had been so engaged about six months when the prosecution of *Olson* was commenced before him.

The question thus presented is upon the interpretation of

sec. 925—61, Stats. (1898). By that statute it is only in cases where certain designated courts existed that the election of police justice is forbidden until such special tribunals are abolished. Such courts must have been created by statute and are to be abolished by statute. Neither the legislature nor the city authorities would have power to abolish the office or the court of justice of the peace. *State ex rel. Wood v. Goldstucker,* 40 Wis. 124; *Gilowsky v. Connolly,* 55 Wis. 445, 13 N. W. 444. The section of the general charter law under consideration plainly contemplates the continued existence of the office of justice of the peace after the adoption of the general charter law, because it provides that the common council may abolish the police court, and that in such case the justices of the peace shall have jurisdiction of prosecutions for the infraction of city ordinances. No such action was taken by the common council of the city of New Richmond. The election of police justice is authorized upon the adoption of the general charter in all cities adopting that charter, except such cities as had during their prior charter existence a court or judge having jurisdiction of prosecutions for the violation of ordinances, and such a court or judge that the court or the office of the judge could be abolished by the legislature. But in New Richmond no such condition existed, and no provision of the general charter required any action by the city authorities preliminary to the election of a police justice except the adoption of the general city charter law. At the first election succeeding the completed adoption of the general charter law the city of New Richmond might have elected a police justice. It failed to do so, but the office was in existence and proper to be filled at any succeeding city election. This brings the case within the rule of *In re Burke,* 76 Wis. 357, 45 N. W. 24; *State v. Bloom,* 17 Wis. 521, explained by Cassoday, J., in *Chicago & N. W. R. Co. v. Langlade Co.* 56 Wis. 614, 628, 629, 14 N. W. 844.

It is therefore unnecessary for us to determine whether

the failure to elect a police justice in the first instance, after having adopted the general charter law, created a vacancy in that office which the mayor was authorized to fill under sec. 925—31, Stats. (1898), for under the rule of the cases last cited, even if the appointment were premature, the appointee, *Beebe,* was police justice *de facto.* There was therefore no liability of either defendant for false imprisonment upon this ground. But it is argued that even if *Mr. Beebe* was police justice *de facto* he lost jurisdiction of the case against *Olson* by adjourning over after *Olson* pleaded guilty on November 1st to November 3d without stating in his docket any cause for such adjournment, and that the commitment was insufficient in form and void. The complaint merely charges *Olson* with having violated a city ordinance, describing it. The prosecution, although in the name of the state, was a civil action. *Platteville v. Bell,* 43 Wis. 488; *Oshkosh v. Schwartz,* 55 Wis. 483, 13 N. W. 552; *State ex rel. Hamilton v. Municipal Court,* 89 Wis. 358, 61 N. W. 1100.

The statute (sec. 925—68) prescribing what entries the docket of the police justice shall contain is radically different from sec. 4743 and sec. 3574, Stats. (1898). We ought not to interpolate into sec. 925—68 a requirement that the docket show more than is there required to be shown. The police justice is not required to enter in his docket the cause for adjournment, and the presumption in case of adjournment is that sufficient cause existed, no statute conflicting with this presumption. *Olson* having pleaded guilty to the charge, the police justice, on motion of the city attorney, adjourned the cause until November 3, 1906. At this date *Olson* voluntarily appeared and judgment was rendered against him that he pay a fine of $6, together with $4 costs of prosecution, and in default of such payment be committed until such fine and costs were paid or until he was discharged by due course of law; imprisonment, however, not to exceed

fifteen days. Nothing was then done until November 5,. 1906, when, the fine and costs not having been paid, a commitment was issued and delivered to the defendant *O'Brien*,. who executed the same by imprisoning *Olson*. The latter was discharged on *habeas corpus* three days thereafter. This commitment recites the conviction of *Olson* for violation of an ordinance, and commands the officer "forthwith to convey and deliver the said *Peter Olson* to said keeper," the said keeper to receive the said *Peter Olson* into his custody in jail and keep him safely there until the expiration of fifteen. days or until said fine and costs were paid. It is claimed that this commitment was invalid under secs. 925—67 and 925—69, Stats. (1898), because the judgment of the police justice should have been enforced by the special form of execution therein prescribed. This process may have been irregular under ch. 41, Laws of 1903 (sec. 925—67, Stats. 1898), but it was by no means void. The form given in sec. 925—69 may by express provision of that section be followed in case of commitment, omitting all that relates to the levy and sale and return of the writ. The police justice proceeded by commitment under the judgment rendered instead of by execution against the body. This latter process was appropriate to enforce a punishment by fine where no imprisonment was adjudged. A commitment is proper where the sentence is imprisonment without a fine, and where the sentence is imprisonment in default of payment of the fine a commitment issued to carry such judgment into effect is not void, but protects the officer issuing and the officer executing it.

We discover no error in the proceedings in the circuit. court and therefore affirm the judgment.

*By the Court.*—The judgment is affirmed.