[No. 7810.]

## NATIONAL SURETY CO. v. THE PEOPLE.

1. PLEADINGS—*Construed*—A complaint upon a bond given in certain appeals from a magistrate's court to the county court averred that after such removal of the causes to the county court each of "said actions" was dismissed. In view of other allegations manifestly importing that the causes were still depending, "actions" was construed to mean "appeals."

2. ——The bond provided that the principal should pay any judgments that might be rendered upon dismissal or trial of the appeals, "or" surrender herself in satisfaction thereof. The complaint averring simply non-payment of the judgments, without specifically negativing the condition following the disjunctive "or," was held sufficient. The surrender of the principal would have satisfied the judgments, and they would not have remained "due and unpaid," as the complaint alleged.

3. ——*Waiver*—Uncertainty or ambiguity in a pleading if not assailed by demurrer or motion is waived.

4. EVIDENCE—*Admission by Conduct*—Delivery of an appeal bond by the surety therein, with a signature affixed purporting to be that of the principal, and the filing thereof by the principal, is sufficient evidence of the verity of such signature.

5. PRINCIPAL AND AGENT — *Agent's Authority — Presumptions* — There is a presumption that a known agent acts within his authority. Defendant, a surety company, by its local agent delivered to a magistrate an appeal bond. The magistrate rejected it as not in form, requiring certain changes. The agent returned the bond, with changes which were material and changed the character of the obligation, writing to the magistrate that he "had corrected the bond," and that it would be delivered by the appellant's attorney. It was so delivered and accepted by the magistrate. The local agent was employed for the purpose of obtaining such business. It was his duty to furnish similar bonds whenever satisfactory opportunity presented itself. He had the apparent as well as the real authority to deliver the bond of the company. It was held that the magistrate had the right to presume that the agent was acting within his authority, and that the company should not be heard to deny the bond, in view of the fact all that the agent did was, to all appearance, what he was authorized to do.

6. VOLUNTARY BOND — *Validity* — A voluntary bond, given upon consideration, not prohibited by law, binds the surety, though not in statutory form.

*Error   to   Gunnison   District   Court.* — Hon. SPRIGG SHACKLEFORD, Judge.

Mr. GEORGE Q. RICHMOND and Mr. J. M. McDOUGALL, for plaintiff in error.

Mr. DEXTER T. SAPP and Mr. JAMES B. NASH, for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

The action below was on an appeal bond given by one Mrs. Curley, with the plaintiff in error as surety. Mrs. Curley had been convicted in a police court in eleven different cases for violations of an ordinance of the town of Marble. A fine was assessed in each case. The fines aggregated $3,200.00, for which amount the bond was given. While there was but one bond, the recitals therein showed the charge and conviction, and the amount of the fine in each of the eleven cases, and that an appeal was taken in each and the

bond, by apt words, was made to apply in each of the appeals. That is, while there was but one instrument, yet it was intended to be in effect the same as eleven bonds, for the amount of the fine in each case, to be used in each case for the purpose of appealing it. . Upon the filing of the bond, proceedings were stayed in the police court, and the cases were transmitted to the county court as is done in such appeals. Thereafter, as we think sufficiently appears from the record, the appeals were dismissed in the county court and a *procedendo* issued to the police court. Mrs. Curley failed to pay the fines and an action was brought to recover on the bond, which, after a trial to the court, resulted in a judgment against the surety.

It was urged by demurrer and otherwise in the court below, and is urged here, that the complaint did not state facts sufficient to constitute a cause of action. This objection seems to be based in this court on two grounds:

I.   The complaint alleged that after the cases were taken to the county court such action was had in that court that each of the "said actions" was dismissed. The contention is that it appears in the complaint that the actions, or suits, or causes were dismissed, and that therefore no cause of action was stated. This would be true if the word "actions" was used in the complaint in the sense of suits, or causes, or in the sense it is used in our code when referring to a civil action, for if these were dismissed the judgments would have been wiped out. It is clear that the word "action" was not used in that sense in the complaint, for immediately thereafter it speaks of each of "said causes" as having been remitted to the police court, and alleges that Curley failed and refused to pay the judgments and that each of the judgments was still due and unpaid at the time of the filing of the complaint, all of which was admitted by the answer. If the causes, the suits, the civil actions, (for they were civil actions,—*Greeley v. Hamman,* 12 Colo. 94; *Weiss v. The People,* 39 Colo. 374), were dismissed, and it was intended to so allege in the com-

plaint, then the allegations concerning the remission of the causes, and that the judgments were still due and unpaid, would be altogether wrong and at variance with the preceding allegations. It is fairly clear that the pleader, when speaking of the suits or civil actions, used the word "causes," and by the use of the words "said actions" was referring to the actions of Mrs. Curley, which had been mentioned, and those actions were taking the appeals in each of said cases. So that when the complaint said that "said actions" were dismissed it meant that " said appeals" were dismissed. At the trial, the complaint seems to have been so treated, for while the attorney who tried the case was quite specific in mentioning defects in the complaint, the alleged defect as now specified was not mentioned. At most the complaint might be said to be ambiguous in that particular. If it was, the defect has been waived, for it was not raised by demurrer on the ground of uncertainty or ambiguity, nor by motion to make more certain.

2.    The bond was conditioned that if Mrs. Curley should prosecute the appeals with effect and pay off any judgment or judgments that might be rendered by the court, upon dismissal or trial of the appeals, or would surrender herself in satisfaction of any such judgment or judgments, and if she would appear before the county court on the first day of the next term, and be and remain at and abide the order of the county court, and not depart the court without leave, etc., then the bond to be void, otherwise in full force and effect. The contention in this court seems to be that the complaint should have negatived all the conditions, whereas all it said was that Mrs. Curley failed and refused to pay the judgments, or any part thereof, and that the said judgments and each of them were still due and unpaid. No such contention was made in the lower court. It was there contended that the complaint only negatived the payment of the judgments; whereas, as was said, it should also negative the condition that Mrs. Curley would surrender herself in satisfaction of

the judgments. Now, it is plain that the conditions in the bond that are joined by the word "and" must all be performed and the violation of any one of them would be a breach. The conditions relative to the prosecution of the appeals with effect, and the payment of the judgments and the appearance before the county court, were all of this kind. Each one of them had to be performed. The only condition preceded by the word "or" is the condition relative to the surrender of Mrs. Curley in satisfaction of the judgment. There is no doubt that in the lower court the company took the position that the conditions joined by the word "and" were all to be performed and that the only other condition besides the one of payment that had to be negatived was the condition concerning the surrender of Mrs. Curley. If it was necessary to negative the latter condition, that has been done in a manner sufficient to withstand a general demurrer. The allegation that the judgments were due and unpaid negatived the idea that Mrs. Curley had surrendered herself in satisfaction thereof, for if the judgments were satisfied by Mrs. Curley's surrender they were not due and unpaid. The answer admitted that the judgments were due and unpaid, thus further negativing the idea that they had been satisfied in any manner. It is also contended that no proof was offered that Mrs. Curley signed the bond. The proof showed that Mrs. Curley's name was signed to the bond and the bond was delivered by the company's agent with the signature on it. The bond was filed by Mrs. Curley with the magistrate for the purpose of securing the appeal and a consequent stay of the proceedings, and such appeal and stay were secured. Such evidence is sufficient proof that Mrs. Curley signed the bond. The real defense below and the contention here is that the company never executed the bond sued on. The company had a local agent at Glenwood Springs. Upon application of Mrs. Curley, or her attorney, to this local agent, a bond for $3,200.00 was executed in the name of the company by one Toncray, its attorney in fact. This bond was sent to the local agent, and

through him was lodged with the magistrate. The latter did not approve the bond because it was not in form to answer the requirements of the situation. It was ,returned to the local agent, and the magistrate indicated what the situation was and the nature of the bond required. The agent changed the bond to meet the circumstances. It is not necessary to particularly state what changes were made by the local agent. It is enough to say that they were such as to materially change the nature and character of the bond from what it had been. The bond as changed by the local agent was given by him to Mrs. Curley's attorney to be delivered to the magistrate. The local agent wrote a letter to the magistrate informing him that he had corrected the bond and that it would be delivered to the magistrate by Mrs. Curley's attorney. The magistrate received the bond. He did not know in what manner the correction had been made. It cannot be said from this record that the magistrate knew that the local agent had corrected the bond by changing it himself, or by sending it to another agent to be changed. He approved the bond, knowing that it came to him from the local agent apparently duly executed by the company, and proceeded with the appeals as the law required. That the local agent had the authority to deliver bonds executed by the company is undisputed. The company was in the bonding business and all of its business was conducted by agents. The local agent was there for the purpose of obtaining such business, and when a satisfactory opportunity presented itself to furnish a bond, it was his business to see that it was furnished. The presumption is that one known to be an agent is acting within the scope of his authority.—*Austrian & Co. v. Springer,* 94 Mich. 343. The local agent was known to the magistrate to be such agent. The local agent had the apparent as well as the real authority to deliver such a bond executed by the company. The magistrate had the right to presume that the agent was acting within the scope of his authority and did deliver a bond executed by the company, and the company cannot be permitted to say

that the agent did not do that which it had authorized him to do, when that which he did was to all appearances that which he was authorized to do.

It is also contended by the company that the bond is not in statutory form and that such a bond was never before filed in a court.   This may all be true, but it is not necessary to dwell long upon this contention.   As a matter of fact, through the instrumentality of this bond, as was intended, proceedings were stayed in the magistrate's court in all of the cases, and they were transmitted to the county court.   It was entered into voluntarily.   It was an obligation founded on a valuable consideration and which consideration was delivered. By its terms, for this consideration, the board recited that if the appeals were dismissed and Mrs. Curley did not pay the judgments or surrender herself in satisfaction thereof, it would remain in full force and effect.   It was not against public policy. The company had the right to enter into such an obligation whether in statutory form or some other form, and having done so, and having received the consideration therefor, the bond is enforcible according to its terms and provisions.— *Abbott v. Williams,* 15 Colo. 514; *Dry Goods Co. v. Livingston,* 16 Colo. App. 257.

Perceiving no error in the record, the judgment is affirmed.                                        *Judgment affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.