### WENDEL vs. THE STATE.

*January 17 — February 3, 1885.*

*(1) Writ of error to municipal court of Milwaukee. (2) Corporations: Powers not specified in articles of association. (3) Medical colleges: Diploma as evidence of right to title of doctor.*

1. Under sec. 2499, R. S., as amended by sec. 1, ch. 256, Laws of 1879, a writ of error may issue out of this court to review any final judgment of the municipal court of Milwaukee. *Raynor v. State, ante,* p. 289, followed. *State v. Allison,* 47 Wis. 548, distinguished. [Whether in a case tried in that court upon information, indictment, or appeal from a justice's court, this court would review the opinions, directions, and judgments of that court upon a report made under sec. 4720, R. S., is not determined.]

2. The articles of association of a corporation need not designate with particularity all the powers which it may exercise when duly incorporated, but may designate in general terms the pur-

poses for which it is organized, and when organized such corporation may exercise all such powers as are usually exercised by similar corporations and which are necessary to accomplish its purposes, not in conflict with the laws of the state.

3. A diploma issued by a regularly incorporated medical college constitutes a *prima facie* defense to a prosecution under sec. 1, ch. 256, Laws of 1881. [Whether the effect of such diploma may be avoided by showing that such college is an institution in name only, organized for the purpose of selling diplomas to all who will pay a fixed price therefor, is not determined.]

ERROR to the Municipal Court of *Milwaukee* County.

The case is stated in the opinion.

The cause was submitted upon the brief of *John W. Wegner*, attorney for the plaintiff in error, and *Henry L. Buxton*, of counsel, and upon the argument in the case of *Raynor v. State, ante*, p. 289.

TAYLOR, J. This is a prosecution for the same offense as in the case of *Raynor v. State, ante*, p. 289, and in this case, as in that, the learned attorney general moves to dismiss the action on the ground that this court has no authority to issue a writ of error to review the judgment of the municipal court of Milwaukee in the class of cases to which this belongs. The motion in this case is overruled for the reasons stated in the opinion filed in the case of *Raynor v. State.*

In reaching the conclusion we have in this case, and in the case of *Raynor v. State,* we have not overlooked what was said by this court in the case of *State v. Allison,* 47 Wis. 548, nor are we disposed to overrule that case. We do not think that it follows logically that, because this court has no authority to review the opinions and decisions of the municipal court, in the class of actions to which the case at bar belongs, upon a report of the judge of the municipal court, this court may not review the judgments of such court upon a writ of error.

The statute giving the right to review the decisions and

opinions of the circuit judges in criminal cases, upon a report made by them to this court before judgment, in its terms limits such right of review to cases pending before the circuit courts. See sec. 4720, R. S. And all that was determined by the decision in the case of *State v. Allison* was that this proceeding is "inapplicable" to cases of this class tried in the municipal court of Milwaukee. In the case at bar, and in *Raynor v. State*, we hold that, under the language of sec. 1, ch. 256, Laws of 1879, which says "the *judgments* of the municipal court, in all cases tried before it, may be examined and reviewed by the supreme court in the same manner as the *judgments* of the circuit court may be," a writ of error will run to such court to review its judgments; but this language is hardly comprehensive enough to give this court the right to review the opinions, directions, and judgments of the municipal court, made during the progress of the trial, upon a report made to this court before final judgment, as provided for in said sec. 4720, R. S. The review given to this court by the municipal court act, of judgments of the class of the one at bar, is a review of the final judgment of the court, and not of its opinions, etc., upon reports made to this court before final judgment. In cases of this kind the opinions, directions, and judgments of the municipal court, in any matter of law made during the progress of the trial, can only be reviewed upon a writ of error, after final judgment and bill of exceptions settled as in civil actions. Whether, in a case tried in the municipal court upon information, indictment, or appeal from a justice's court, this court would review the opinions, directions, and judgments of said court upon report made as provided in said sec. 4720, R. S., is not decided.

Upon the trial of this action in the municipal court, the accused, in order to justify his using the title of "doctor," and prefixing such title to his name, offered in evidence what purported to be written articles of association of the Mil-

waukee College of Physicians and Surgeons.   These articles recite that three men (naming them) "do hereby associate for the purpose of forming a corporation under the Revised Statutes of the state of Wisconsin, for the establishment, maintenance, and use of a college for giving instruction in the several branches of medical science, as ordinarily taught in the medical schools throughout the country, namely, anatomy, physiology, chemistry, *materia medica*, therapeutics, and the practice of medicine, surgery, and obstetrics." The first article gives the name and location of the college; the second provides that it shall be a corporation without capital stock; the third designates what general officers there shall be, viz., a president, secretary, treasurer, dean, and a board of four directors; the fourth article defines the duties of the several officers; the fifth, the duties and powers of the board of directors; and the sixth provides for the first meeting of such corporation.   The articles were signed by the three persons named as associates, and verified by them on oath as being the original articles of association of the said " The Milwaukee College of Physicians and Surgeons."   The date of the verification is April 8, 1881.   The articles are also acknowledged by the same persons as having been freely executed by them, for the uses and purposes therein mentioned, before Frank M. Hoyt, notary public of Milwaukee county, on the said 8th day of April, 1881.

No objection was made by the state to the introduction of these articles of association.   The articles appear to be in all respects formal, and contain all the matters necessary to organize a corporation for the purposes mentioned therein, under the provisions of sec. 1772, R. S.   No evidence was offered to prove that such articles of association, duly verified, were ever recorded in the office of the register of deeds of said county of Milwaukee, as required by said sec. 1772, R. S., or that the college was organized by the election of its officers and board of directors.   But as the bill of exceptions recites " that the charter of the Milwaukee College of

Physicians and Surgeons was introduced in evidence on the part of the defendant, of which the following is a copy," and as such articles were received in evidence without dissent on the part of the state, we think it must be presumed that such college had an existence in fact and in law, and its articles of association — or charter, as, it is designated — were only introduced for the purpose of showing the purpose for which the corporation was organized.

The accused then offered in evidence a diploma issued to him by said college, dated June 17, 1883, and numbered ".85," signed by the president, register, and professors of the college.   To the introduction of this diploma there was a general objection made on the part of the state, and the court sustained the objection, and refused to receive the same as evidence on the behalf of the defendant.   This ruling of the court is alleged as error in this court.   It seems to us that the court erred in rejecting the diploma.   The ground upon which it was rejected is not disclosed in the record, but it was stated on the argument in this court that it was rejected because, in the opinion of the learned judge, the college, under their charter or articles of association, had no authority to issue diplomas of any kind.   If this was the ground of the objection, we think the learned judge was in error in his ruling.   It is true that the articles themselves do not declare that the college shall have the power to issue diplomas to its students; but without any such declaration in the articles, we think that power is conferred upon the college, when duly organized under said secs. 1772, 1773, 1774, R. S., by the provisions of a subsequent section of the statutes, viz., sec. 1784.   This section provides that corporations formed for the establishment of colleges or universities shall have the power to confer such degrees and grant such diplomas as are usually conferred by similar institutions, or as shall be appropriate to the course of instruction prescribed.

It is not necessary that the articles of association shall

designate with particularity all the powers which it may exercise when duly incorporated. It is sufficient if they designate in general terms the purposes for which the corporation is organized; and when organized, such corporation may exercise all the powers which are conferred upon such corporations by statute, and probably all such powers as are usually exercised by similar corporations, and which are necessary to accomplish the purposes of such corporation, not in conflict with the laws of the state.

The diploma offered in evidence, if received, as it should have been, made out a *prima facie* defense on the part of the accused. Its rejection, therefore, was error. Whether the effect of this diploma could have been avoided by the state by showing that the "Milwaukee College of Physicians and Surgeons" was an institution in name only, without professors or students in fact, and was organized for the purpose of selling diplomas to all who were willing to pay the fixed price, is a question we need not determine, as there was no evidence tending to establish that fact before the court.

*By the Court.*— The judgment of the municipal court is reversed, and the cause remanded for a new trial.