538    SUPREME COURT OF WISCONSIN.    [MAY

State ex rel. Cooper v. Brazee, 139 Wis. 538.

STATE EX REL. COOPER and another vs. BRAZEE, Municipal
Judge.

*April 26—May 11, 1909.*

*Courts: Jurisdiction of supreme court: Mandamus: Grounds: Exist-
ence of another remedy.*

1. The supreme court has jurisdiction by *mandamus* to require a
municipal court to exercise its rightful jurisdiction, where re-
fusal works injury to relator.
2. Where relators have an efficient remedy by writ of error to re-
view a final order of a municipal court, the supreme court will
not exercise its extraordinary jurisdiction by *mandamus* to cor-
rect such order.
[3. TIMLIN, KERWIN, and BARNES, JJ., are of the opinion that the
statutory right of appeal from the district to the municipal
court of Milwaukee county applies to judgments of conviction
for violation of city ordinances, although the prosecution is by
a civil action.]

MANDAMUS to ALVIN C. BRAZEE, judge of the municipal
court of Milwaukee county: *Alternative writ quashed.*

Motion to quash an alternative writ of *mandamus* issued
out of this court in exercise of its original jurisdiction.

For the relators there was a brief by *Kronshage, McGov-
ern, Goff, Fritz & Hannan,* and oral argument by *Guy D.
Goff.* They cited, besides other cases, *State ex rel. Hamilton
v. Municipal Court,* 89 Wis. 358, 61 N. W. 1100; *Ogden v.
Madison,* 111 Wis. 413, 87 N. W. 568; *Crocker v. State,* 60
Wis. 553, 19 N. W. 435; *State ex rel. Watson v. Clementson,*
133 Wis. 458, 113 N. W. 667; *Bookhout v. State,* 66 Wis.
415, 28 N. W. 179; *Platteville v. McKernan,* 54 Wis. 487,
11 N. W. 798; *Milwaukee v. Weiss,* 93 Wis. 653, 68 N. W.
390; sec. 3294, Stats. (1898); *Stoltman v. Lake,* 124 Wis.
462, 102 N. W. 920; *Chafin v. Waukesha Co.* 62 Wis. 463,
22 N. W. 732.

For the respondent there was a brief by *John T. Kelly,* at-
torney, and *Walter H. Bender,* of counsel, and oral argument
by *Mr. Bender.*

State ex rel. Cooper v. Brazee, 139 Wis. 538.

Among other references upon the part of the respondent
were the following: *State ex rel. Milwaukee E. R. & L. Co.
v. Circuit Court,* 134 Wis. 301; *State ex rel. W. G. Taylor
Co. v. Elliott,* 108 Wis. 163, 84 N. W. 149; *In re Mielke,*
120 Wis. 501, 98 N. W. 245; sec. 3047, Stats. (1898); sec.
21, art. I, Const.; *Stoppenbach v. Zohrlaut,* 21 Wis. 385;
*Milwaukee v. Simons,* 93 Wis. 576; *State v. Allison,* 47 Wis.
548, 2 N. W. 1141; *Ammidon v. Smith,* 14 U. S. 447; *State
ex rel. Dunlap v. Nohl,* 113 Wis. 15, 88 N. W. 1004; *Bosco-
bel v. Bugbee,* 41 Wis. 59.

TIMLIN, J.   *John Cooper* and *Louis Gorton* were on Sep-
tember 12, 1908, convicted in the district court for Milwau-
kee county of having violated an ordinance of the city of
Milwaukee and sentenced to each pay a penalty of $25 and
costs, or in default be committed to the house of correction
of Milwaukee county until paid, not, however, exceeding a
term of ninety days.   On September 21, 1908, they appealed
against this conviction to the municipal court of Milwaukee
county, giving an undertaking with sureties for their appear-
ance at the next regular term of the last-mentioned court and
from time to time thereafter until discharged by law, to prose-
cute the appeal and abide the sentence of the court thereon,
and in the meantime keep the peace.   March 3, 1909, the
prosecuting attorney moved to dismiss this appeal, assigning
the following reasons:  (1) This court has no jurisdiction to
hear, try, and determine said appeal.   (2) There is no pro-
vision of law whereby said appeal can be taken to and prose-
cuted in said court.   (3) Said appeal should have been
taken to the circuit court for Milwaukee county.   Accom-
panying the motion papers for the dismissal of the appeal was
a copy of the ordinance under which the relators were con-
victed, which read as follows:

"No person shall take, remove or carry away any stone,
sand or earth from the beach or from the water within three
hundred feet of high-water mark, along or near the shore of

Lake Michigan between the extreme northern limit and extreme southern limit of the city, under a penalty of not less than twenty-five dollars nor more than one hundred dollars."

Whereupon the municipal court "ordered and adjudged that the appeals of the above-named defendants and each of them from the district court of the county of Milwaukee to the municipal court for the city and county of Milwaukee be and hereby are dismissed for the following reasons, among others." Here follow the grounds contained in the moving papers heretofore stated.

The ordinance in question was before this court in *C. Beck Co. v. Milwaukee, ante,* p. 340, 120 N. W. 293, and, limited by construction as there stated, was held valid. Upon application of relators this alternative writ of *mandamus* was issued to the judge of the municipal court under the power conferred upon this court by sec. 3, art. VII, Const. The respondent moves to quash this writ for the reasons: (1) That the supreme court is without jurisdiction to issue the peremptory writ prayed for in the petition. (2) That neither the petition nor the alternative writ states facts showing that any such exigency exists which either calls for or justifies the exercise by the supreme court of its constitutional power of superintending control. (3) That neither the petition nor the alternative writ states facts showing that the relators are, or that either of them is, entitled to the writ of *mandamus* as prayed.

If by the objection to the jurisdiction of this court it is meant to confess the jurisdictional fact of refusal on the part of the municipal court to exercise its rightful jurisdiction and injury to the relators, it is hardly worth while to devote much time to this part of the motion. The constitutional provision in question, as construed by this court from the earliest times, confers quite an unlimited jurisdiction over the subject matter therein described. *Att'y Gen. v. Blossom,* 1 Wis. 317; *Att'y Gen. v. Railroad Cos.* 35 Wis. 425; *State ex rel. Fourth*

*Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081; *State ex rel. Umbreit v. Helms,* 136 Wis. 432, 118 N. W. 158.

But on the second ground of the motion to quash, as above quoted, it appears that the relators have a remedy by writ of error to review the final order of the municipal court dismissing the appeals of the relators, notwithstanding such appeals may be considered appeals in civil actions.

"The judgments of the municipal court in all cases *tried* before it may be examined and reviewed in the same manner as the judgments of the circuit court may be." Sec. 2499, Stats. 1898 (Laws of 1895, ch. 7).

This is a very broad grant of power, and, taken in connection with the constitutional provision forbidding the withholding of writs of error by the legislature, is very significant.

In *Cowles v. Neillsville,* 137 Wis. 384, 119 N. W. 91, the plaintiff in error was "convicted of violating a city ordinance." He appealed to the circuit court and the circuit court dismissed his appeal, and this court reversed on writ of error the order dismissing his appeal. The case also states the familiar principle that the right of appeal from inferior tribunals is favored in the law, and hence statutes conferring that right liberally construed. So this court has entertained a number of cases brought up from the municipal court of Milwaukee county on writ of error, among them prosecutions for violation of city ordinance, as in *Milwaukee v. Gross,* 21 Wis. 241, and *Clason v. Milwaukee,* 30 Wis. 316; also, criminal convictions, as in *Raynor v. State,* 62 Wis. 289, 22 N. W. 430, and *Wendel v. State,* 62 Wis. 300, 22 N. W. 435. The relators having an efficient remedy by writ of error, we ought not to exercise the extraordinary jurisdiction of this court. The majority of this court believe this decision should end here and express no opinion upon what follows. A minority of this court, including Justices Kerwin and Barnes and the writer, are of the opinion that what follows is proper to be at least considered and commented on by this court.

State ex rel. Cooper v. Brazee, 139 Wis. 538.

In support of the third ground above quoted for moving to quash the writ, the moving parties present that the municipal court has no jurisdiction of appeals from the district court in judgments imposing a penalty and alternative imprisonment for the violation of city ordinances. This question is very fully argued in the briefs. It is also made the basis of denying the first proposition treated in this opinion because it is in effect conceded, as it must be, that in criminal cases judgments of the municipal court are reviewed by writ of error in this court; but it is contended that this remedy does not exist with reference to the orders of the municipal court dismissing appeals to that court from the district court in civil actions, because no jurisdiction thereof by appeal or other mode of review is conferred by law upon the municipal court. The statute under which this court is authorized to issue a writ of error to the municipal court provides for a review of the judgments of that court "in all cases *tried* before it." It is therefore a fair inquiry whether these cases could be "tried before it" for the purpose of answering the points made by counsel as well as for the purpose of interpreting the statute, which apparently gives only the right of review to this court in cases tried before the municipal court, as well as for the purpose of deciding upon the third ground upon which it is sought to quash the writ. To leave this question undecided might also result in parties convicted of violation of ordinances being unable to appeal, or in their taking appeals to the wrong court and losing the opportunity to appeal before expiration of the ten days within which appeal is to be taken from the district court to the municipal court. When a question like this, so related to the principal question in the case, is made a special ground for quashing the alternative writ and is fully argued in the briefs, I think it is proper to be considered and discussed in the disposition of the motion to quash, although I am thoroughly in sympathy with the rule rigorously excluding *obiter dicta* sometimes followed by this court.

By ch. 218, Laws of 1899, as amended by ch. 72, Laws of 1907, it is provided that:

"Every person convicted before said district court may appeal from the sentence or judgment against him to the municipal court of said city and county of Milwaukee within ten days from the date of sentence or judgment against him. Said municipal court is empowered to hear, *try* and determine such appeals, and all provisions of law relative to appeals in criminal cases from justice courts and the trial and determination thereof shall apply to appeals from said district court to the municipal court."

Here the law stood at the time the appeals in question were dismissed. The reasoning upon which the municipal court declined jurisdiction by dismissing these appeals runs about like this: By the decision in *C. Beck Co. v. Milwaukee, ante,* p. 340, 120 N. W. 293, following the cases there cited in the construction of ch. 142, Stats. (1898), the prosecutions under the ordinance in question were civil actions. Although the district court is expressly given jurisdiction to hear and decide such prosecutions, yet the provisions for appeal above quoted are not broad enough, considered alone or in connection with statutes *in pari materia,* to authorize an appeal to the municipal court in such cases. This principally turns upon the expression "every person convicted may appeal." It is said that a person convicted is not one found guilty of violating an ordinance, but one found guilty of a crime or misdemeanor, and judicial definitions of the word "conviction" or "convicted" are quoted. The court and counsel evidently overlooked sec. 2514, Stats. (1898), not printed in full in these statutes, but found in the Annotated Statutes preceding them. This statute, relating to the municipal court, contains the words "all persons convicted in city prosecutions." The general charter law (secs. 925—56 and 925—67, Stats. 1898) speaks of persons convicted of violating ordinances. The same expression is used in *Cowles v. Neillsville,* 137 Wis. 384, 119 N. W. 91; *Schwartz v. Oshkosh,* 55 Wis. 490, 493, 13 N. W. 552; *State ex rel. Hamilton v. Municipal*

*Court,* 89 Wis. 358, 61 N. W. 1100; *People v. Hanrahan,* 75 Mich. 611, 613, 42 N. W. 1124, and in many other cases and statutes. The words "convicted before said district court" have no such narrow significance as attributed to them by counsel for the moving party. "Every person convicted" includes persons found guilty of violating ordinances and adjudged to pay a fine. Common usage and identical use of this expression in statutes, particularly in the statute above quoted referring to the municipal court, demonstrates this. If it is desirable to go abroad for definitions, see *Blair v. Comm.* 25 Grat. 850, where this definition received careful consideration. The municipal court therefore erred in dismissing the appeals. · These appeals are cases which the statute authorizes to be tried in the municipal court. There is no serious difficulty in adapting the criminal procedure slightly modified to the trial of persons prosecuted for violating ordinances, even though such violation gives rise only to a civil action.

*By the Court.*—The alternative writ of *mandamus* is quashed, with costs against the relators.