CITY OF MILWAUKEE, Respondent, vs. BEATTY, Appellant.

*April 4—April 23, 1912.*

*Municipal ordinances: Letting room for prostitution: Who is "landlord:" Forfeiture: Civil action: Appeal from district court: Person "convicted."*

1. In a municipal ordinance prohibiting any person from leasing or letting, "as landlord," any house, room, or other premises in the city to be used for the purpose of prostitution, the word "landlord" includes a person who lets a room for said purpose in a building occupied by him, although he himself occupies such building only as a tenant under an oral lease from month to month.

2. Where a municipal ordinance provides that any person violating it shall upon conviction "be fined," but does not make the pro-

hibited acts punishable "by fine and imprisonment," or "by fine or imprisonment," nor specially declare them to be misdemeanors, a civil action may be maintained by the city under sec. 3294, Stats. (1898), to recover the money penalty provided.

3. Within the meaning of ch. 218, Laws of 1899, as amended by ch. 72, Laws of 1907,—providing that every person "convicted" before the district court of Milwaukee county "may appeal from the sentence or judgment against him to the municipal court,"— the word "convicted" applies to a person against whom a judgment has been recovered in a civil action for the money penalty for violation of a city ordinance.

APPEAL from a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

The appellant was convicted in the district court of Milwaukee county of having leased and let, as landlord, through his agent, a certain room, in the building occupied by him in the city of *Milwaukee,* to be used for the purpose of prostitution and lewdness, contrary to an ordinance of the city. The trial on appeal to the municipal court of Milwaukee county resulted in a conviction.

There was evidence before the court that the appellant stated that he, as occupant of the premises in question, had rented out rooms for the night and by the hour. There was evidence also that the appellant was occupying the premises at the time he is accused of having committed the offense, and that he had been in possession of them for two years previous thereto. It was admitted that the appellant had a verbal lease from month to month of the premises.

The evidence of the specific violation of the ordinance upon which the conviction rested was that a man, accompanied by a woman not his wife, had gone to the premises in the night-time, had rented a room from the wife of the appellant, and had occupied the room and the bed therein with the woman who came with him. Knowledge of the purpose for which the room was rented was supported by the evidence that the man asked the woman who accompanied him, in the presence of

the wife of the appellant, what her charges were for occupying the room with him, that she gave the amount thereof, and that the man replied, "All right." There was evidence also that the appellant had stated that his wife rented the rooms that were rented at night and that he was the proprietor of the place.

There was evidence tending to show that men and women would meet near this house, go into it, and occupy a room for the purpose of prostitution.

The court found appellant guilty of the offense charged and imposed a fine of $50. Judgment was awarded in the city's favor for this amount and for the costs of the action. This is an appeal from the judgment.

*H. L. Eaton,* for the appellant.

For the respondent there was a brief by *Daniel W. Hoan,* city attorney, and *E. L. McIntyre,* assistant city attorney, and oral argument by *Mr. McIntyre.*

SIEBECKER, J. The offense charged is that the defendant violated sec. 36 of ch. XX of the general ordinances of the city of Milwaukee, which provides:

"All persons are hereby prohibited from leasing or letting, either as landlord or agent of the landlord, or agent of the tenant, or as landlord through any agent or subagent, any house, room or other premises in the city of *Milwaukee,* to be used for the purpose of prostitution or lewdness. Any person violating any of the provisions of this section shall, upon conviction thereof, be fined not less than fifty nor more than five hundred dollars."

The evidence is clear that the defendant, through his wife as his agent, did, at the time charged, lease and let a room in the house he occupied as tenant for the prohibited purpose. It is argued that the offense charged, that he so leased the room as landlord, is not established, because the evidence fails to show that he was a landlord within the meaning of the or-

dinance. This claim is based on the facts that he was not the owner of the house and premises occupied by him, and that he occupied them as a tenant from month to month under a verbal lease. The word "landlord," as used in the ordinance, is not restricted in its meaning to an owner of an estate in lands and the improvements thereon greater than a leasehold estate. It clearly embraces tenants of houses and the premises on which they are situated who conduct the inhibited business in such buildings. The evidence shows that the defendant was the keeper and proprietor of this establishment in this house and hence that he stood in the relation of landlord to those to whom he let rooms. The purpose of the ordinance, as expressed by its context, evinces the intent that all persons engaged in letting rooms as proprietors of such a business conducted on leased premises and houses should be treated as landlords within the terms of the ordinance. The court properly held that the defendant's acts under the circumstances shown came within those forbidden by the ordinance.

This action is brought in the name of the city to recover the fine provided for in the ordinance. The acts prohibited by the ordinance are not made punishable "by fine and imprisonment" or "by fine or imprisonment;" nor do the provisions of the ordinance declare such acts to be misdemeanors. Hence they are included within the provisions of sec. 3294, Stats. (1898), under which a civil action may be maintained for the recovery of a money penalty. The following cases are adjudications on the subject and declare the grounds upon which the city has the right to proceed by a civil action in such a case: *Oshkosh v. Schwartz,* 55 Wis. 483, 13 N. W. 552; *Ogden v. Madison,* 111 Wis. 413, 87 N. W. 568; *Koch v. State,* 126 Wis. 470, 477, 106 N. W. 531; *C. Beck Co. v. Milwaukee,* 139 Wis. 340, 120 N. W. 293.

Upon appeal of this case by the defendant from the judgment rendered against him in the district court of Milwaukee

county to the municipal court of the county, the city moved for a dismissal of the appeal upon the ground that the law made no provision for an appeal in a civil action from such district court to the municipal court. Ch. 218, Laws of 1899, as amended by ch. 72, Laws of 1907, provides:

"Every person convicted before said district court may appeal from the sentence or judgment against him to the municipal court of said city and county of Milwaukee, within ten days from the date of sentence or judgment against him. Said municipal court is empowered to hear, try and determine such appeals and all provisions of law relating to appeals in criminal cases from justices' courts, and the trial and determination thereof shall apply to appeals from said district court to the municipal court."

It is to be observed that "every person convicted before said district court may appeal from the sentence or judgment against him to the municipal court . . ." A successful prosecution of a person for the violation of a city ordinance constitutes a conviction of him, whether it be in the form of a criminal action, wherein punishment is imposed, or a civil action, wherein the prescribed money penalty for guilt is recovered. In prosecutions for violations of ordinances to recover such penalties, the courts have applied the term "convicted" to persons found guilty in such civil actions. See *Ogden v. Madison,* 111 Wis. 413, 87 N. W. 568, and cases there cited. So this statute, in providing for appeals from judgments of the district to the municipal court, uses the words "Every person convicted . . . may appeal from the sentence or judgment" as including a person against whom a judgment has been recovered of a penalty for the violation of a city ordinance. The exposition of the question in the opinion of a minority of the justices of this court in the case of *State ex rel. Cooper v. Brazee,* 139 Wis. 538, 121 N. W. 247, and the statutes and authorities therein cited in support thereof, is a full statement

of the grounds showing that the municipal court acquired jurisdiction of the action on appeal from the district court, and we herewith adopt the same as a correct statement of the law on the subject and as supporting the judgment of the trial court in this action.

*By the Court.*—Judgment affirmed.