CITY OF JANESVILLE, Respondent, vs. HEISER, Appellant.

*January 11—February 7, 1933.*

*Dan W. McCluskey* of Janesville, for the appellant.

*Robert J. Cunningham,* city attorney of Janesville, for the respondent.

NELSON, J.   The complaint charges that the defendant unlawfully and illegally possessed intoxicating liquor fit for beverage purposes in violation of sec. 3 of ordinance 186 of the General Ordinances of the city of Janesville, which is as follows:

"After this ordinance becomes effective the possession of intoxicating liquor, as herein defined, by any person, other than in his private dwelling used exclusively as such, or except as authorized by the 'National Prohibition Act,' is hereby prohibited.   The possession of intoxicating liquor by any person not legally permitted under the National Prohibition Act to possess liquor shall be *prima facie* evidence of its unlawful possession."

That section prohibits the possession of intoxicating liquor by any person other than in his private dwelling used exclusively as such.   The first question before us is whether the evidence properly adduced upon the trial is sufficient to sustain the finding and judgment of the trial court.

Prior to the making of the complaint herein a complaint for a search warrant was made to the judge of the municipal court of the city of Janesville by the chief of police.   The complaint for a search warrant recites that it is made upon "information and belief."   However, it appears from the record made by the judge at the time the complaint for a search warrant was made, that the chief of police and also another witness appeared before the magistrate, were sworn and examined.   The witness testified that he had theretofore and within thirty-six hours purchased from the defendant, in the premises sought to be searched, a pint of moonshine liquor.   The testimony was taken in shorthand, and was thereafter transcribed and filed.   The liquor purchased was exhibited to the magistrate and opinion testimony as to its

nature given. A search warrant was issued pursuant to the provisions of sec. 7 of said ordinance No. 186. A search of defendant's premises followed and a considerable quantity of liquor described as gin, alcohol, and home brew was seized. Upon the opening of the trial in the municipal court the defendant made timely motion to suppress the evidence seized under the search warrant, on the ground that the search was illegal and in violation of defendant's constitutional rights. That motion was overruled and the evidence received.

Upon appeal to the circuit court and at the opening of the trial, counsel for the defendant, in response to the following question asked by the court, "What are the facts in dispute in this case?" stated:

"I am willing to stipulate that Mr. Heiser is the owner of this liquor; I am willing to admit that it contained more than one-half of one per cent. and that he was in possession of the property at the time of the raid and of the liquor and that the copy of the city ordinance is a true copy of the city ordinance passed by the city of Janesville."

The court thereupon stated:

"It is conceded by the defense that the raid was made; that he owned the home in which the raid was made and was also in possession of both the home and the liquor taken on the raid."

Defendant's attorney replied: "That is conceded."

Defendant's attorney thereupon made a motion to suppress the evidence already stipulated in the case on the ground that the search warrant was illegally issued, and for the return of the property. The court thereupon stated: "I won't pass on the last motion. The first motion of course is unnecessary because the stipulation covers those facts."

It seems clear to us that after it was stipulated and conceded that the defendant owned the liquor, that it contained more than one-half of one per cent., and that he was in pos-

session of it in his home at the time the raid was made, the question as to whether the search was illegal because of the invalidity of sec. 7 of said ordinance which purports to authorize the issuing of a search warrant, or because the search warrant was improperly and illegally issued, became quite immaterial.

The complaint charged the unlawful and illegal possession of intoxicating liquor. The stipulation hereinbefore referred to plainly conceded that the defendant was the owner of the liquor (evidently referring to the liquor seized and then in court); that it contained more than one-half of one per cent. (evidently of alcohol); that he was in possession of the property at the time of the raid, and that he was the owner of the home in which the raid was made. This stipulation obviously admitted all essential elements of the complaint except that the private dwelling where the liquor was possessed was not "used exclusively as such." This element of the alleged offense was not admitted by the stipulation, but it was proven by the testimony of the chief of police who entered the plaintiff's residence through an open door which led into the basement which was fitted up with tables around which people sat drinking. The defendant at that time stated to the chief of police that he did not see why his place should be raided as he sold and handled good stuff and he didn't see why he should be picked on, or words to that effect. No testimony was offered by the defendant to contradict the testimony of the chief of police or tending in any way to show that his private dwelling was used "exclusively as such.". It seems clear, therefore, that the stipulated facts, together with the testimony of the chief of police, were amply sufficient to support the finding of the court that the defendant was guilty as charged in the complaint.

Had the defendant moved to suppress the evidence obtained on the search instead of stipulating nearly all of the

facts necessary to sustain the complaint which otherwise could have been sustained only by proof, the questions as to the authority of the city of Janesville to enact an ordinance providing for the issue of a search warrant in aid of a prosecution under said ordinance, and as to whether the search warrant herein was properly issued, which questions we are now urged to decide, would be before us. However, as the record stands, those questions are not here and their determination is not necessary to a decision.

The defendant further complains that the penalty provision of the ordinance is invalid because it provides in substance that any person violating any of the provisions of said ordinance shall for the first offense forfeit and pay to the city a penalty of not less than $25 nor more than $1,000 or be imprisoned in the county or city jail for not more than three months, or be subject to both such fine and imprisonment.

Prior to the adoption of sec. 3, art. XI, of the constitution of this state, generally referred to as the "Municipal Home Rule Amendment," and prior to the enactment of sec. 62.11, Stats., by the legislature, we no doubt would have had great difficulty in upholding the penalty provision of this ordinance under the powers and authority granted to cities. See sec. 925—52, Stats. 1919, and especially the introduction to said section, which, among other things, provided:

"Such council shall have power to declare and impose penalties and enforce the same against any person or persons who may violate any of the provisions of such ordinances."

Prior to the enactment of sec. 62.11, which confers very broad powers upon cities, it was generally held that actions to enforce municipal ordinances in which penalties or forfeitures or fines were sought to be recovered were civil actions. *Platteville v. Bell*, 43 Wis. 488; *Oshkosh v. Schwartz*, 55 Wis. 483, 13 N. W. 552; *Stoltman v. Lake*, 124 Wis. 462, 102 N. W. 920; *Koch v. State*, 126 Wis. 470,

106 N. W. 531; *Olson v. Hawkins,* 135 Wis. 394, 116 N. W. 18; *C. Beck Co. v. Milwaukee,* 139 Wis. 340, 120 N. W. 293; *Milwaukee v. Beatty,* 149 Wis. 349, 135 N. W. 873; *Milwaukee v. Johnson,* 192 Wis. 585, 213 N. W. 335.

However, under the "Municipal Home Rule Amendment" and the very broad powers granted by the legislature to cities under sec. 62.11, we cannot say that the ordinance is invalid because it goes beyond the authority granted to cities.

In the very recent case of *Hack v. Mineral Point,* 203 Wis. 215, 233 N. W. 82, a similar ordinance was before us. It was there held that the city of Mineral Point had the power to adopt an ordinance prohibiting the transportation, possession, sale, and manufacture of intoxicating liquors within said city, and also that the city of Mineral Point had the power to provide for a fine or imprisonment or a fine and imprisonment, for the violation of such ordinance. It was there said, p. 221:

"In the course of our consideration we have already pointed out that the power to prescribe imprisonment as a punishment is granted in the broadest possible terms, and we find no limitation either by express language or implication upon that power except such as may inhere in constitutional provisions."

That case was carefully considered and no useful purpose would be served by reviewing it at this time. Contentions similar to those now made were ably presented by counsel and the law stated in that opinion was deliberately stated. The law of *Hack v. Mineral Point, supra,* rules the present case, and we hold that the contention of the defendant that the imprisonment provision of the ordinance herein renders said ordinance invalid is without merit.

However shocking the new departures may be to the citizen who looks at the questions from the viewpoint of the law as it existed prior to the adoption of the Municipal Home Rule Amendment and the enactment of sec. 62.11,

which specifically provides that "the council . . . shall have power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, borrowing of money, tax levy, appropriation, fine, imprisonment, confiscation, and other necessary or convenient means," we cannot ignore the plain comprehensive language of sec. 62.11. If the legislature, in granting such broad powers to the cities of this state, went beyond the considerate will of the people, the remedy lies with the legislature, not with the courts.

*By the Court.*—Judgment affirmed.