CITY OF RACINE, Respondent, vs. WEYHE, Appellant.

*September 14—October 13, 1942.*

For the appellant there was a brief by *Harvey & Harvey* and *Thomas P. Corbett,* all of Racine, and oral argument by *Mr. Richard G. Harvey* and *Mr. Corbett.*

*Cornelius Colbert,* city attorney, for the respondent.

ROSENBERRY, C. J.   The ordinance under which the defendant was prosecuted defines a transient photographer as follows:

"One who engages in the business or occupation of photography or the sale of photographs, enlargements or coupons therefor in the city of Racine temporarily and who does not become a permanent photographer of the city of Racine."

Sec. 2 of the ordinance provides that no person shall engage in or follow the business or occupation of a transient photographer without first procuring a license therefor.   In order to procure a license the applicant is required to deposit $10 for each day for which he desires a license.   Sec. 3 of the ordinance is not involved.

It is the contention of the appellant here that the ordinance is invalid: (1) Because it is discriminatory; (2) because the license fee required is unreasonable, excessive, and confisca-

tory; and (3) because the ordinance places an undue burden on interstate commerce.

The business in which the defendant was engaged was conducted in the following manner : The defendant was employed by the Logan Harbican Photographers, whose place of business was in Chicago, Illinois. The defendant went from house to house requesting that he be permitted to take pictures of children six years of age or under. Each night he sent in to the firm the negatives of the pictures which he had taken that day. For this he received fifty cents per address regardless of whether the pictures were subsequently sold or not. If the negatives were used, prints were given to a salesman who then solicited orders from the families in which the photographs had been taken. The defendant's sole connection with the business was the taking of the pictures and forwarding the negatives to the firm in Chicago. He averaged from twelve to fifteen addresses per day. In the instant case he worked thirty days. He received a bonus, the amount of which was determined as follows : Twenty per cent of the gross business was taken. If this exceeded the amount of fifty cents per negative he was paid the excess. The firm did a gross business of $1,700 from the negatives taken by the defendant. Twenty per cent of this is $340, so that he received approximately $11.33 per day. Under the ordinance he would have been obliged to pay $10 per day for the privilege of carrying on the business. While this amount might have been somewhat increased by subsequent sales it does not appear that the increase would have been substantial. Upon the business done, the firm derived a profit of from six to seven per cent.

It is not contended that there are any evils connected with the transaction of the business defined by the ordinance that relate to the safety, health, peace, good order, or morals of the community. Nor is it claimed that the business of transient photographer as defined in the ordinance is not a lawful

business. The plaintiff seeks to sustain the ordinance here upon the ground that it is a revenue measure. This contention requires us to consider the powers of the common council of the city of Racine under sec. 62.11 (5), Stats. 1941 (General Charter Law), which reads as follows:

"Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, finances, highways, navigable waters, and the public service, and shall have power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, borrowing of money, tax levy, appropriation, fine, imprisonment, confiscation, and other necessary or convenient means. . . ."

We said in *Hack v. Mineral Point* (1931), 203 Wis. 215, 219, 233 N. W. 82, that—

"A city operating under the general charter, finding no limitations in express language, has under the provisions of this chapter [ch. 62] all the powers that the legislature could by any possibility confer upon it." See also *Janesville v. Heiser* (1933), 210 Wis. 526, 246 N. W. 701.

However, that does not mean that the legislature has conferred power on cities to do things which the legislature itself cannot do.

The imposition of a license tax of $10 for carrying on the business of a transient photographer as defined in the ordinance was clearly designed to suppress the business sought to be taxed rather than to raise revenue. As enforced in this case the ordinance would as a practical matter prevent anyone from carrying on the business of a transient photographer. The ordinance was really designed to protect the business of photography as carried on by permanent photographers who reside within the city of Racine. Sub. (5) of sec. 62.11, Stats., quoted above, provides that the city may carry out its powers by "suppression, . . . tax levy . . . and other neces-

sary or convenient means." Is the business of a transient photographer as defined in the ordinance one which the city council may suppress?

In *New State Ice Co. v. Liebmann* (1932), 285 U. S. 262, 278, 52 Sup. Ct. 371, 76 L. Ed. 747, the supreme court of the United States said:

"Plainly, a regulation which has the effect of denying or unreasonably curtailing the common right to engage in a lawful private business, such as that under review [manufacture and sale of ice], cannot be upheld consistently with the Fourteenth amendment. Under that amendment, nothing is more clearly settled than that it is beyond the power of a state, 'under the guise of protecting the public, arbitrarily [to] interfere with private business or prohibit lawful occupations or impose unreasonable and unnecessary restrictions upon them.'"

While there were strong dissenting opinions in the *New State Ice Co. Case, supra,* the dissents related to whether the manufacturing of ice in the state of Oklahoma was charged with a public use; in other words, whether it was a private business. There was no dissent from the proposition stated.

We are clearly of the view that the common council of the city of Racine had no power to suppress the business of a transient photographer as defined in the ordinance. The ordinance is therefore void. *Monroe v. Endelman* (1912), 150 Wis. 621, 138 N. W. 70. See Cooley, Taxation (4th ed.), p. 3431, sec. 1714, and cases cited to note 66.

We have no doubt on the other hand that the business is subject to reasonable regulation. The amount of the fee which may be imposed in the exercise of the police power is subject to limitations which are carefully defined in the law.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to discharge the defendant.